IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No._____

TOM HUSSEY PHOTOGRAPHY, LLC

      Plaintiff,

  v.

HELEN FRANCES REAVES
d/b/a PARENT YOUR PARENTS,

      Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff, TOM HUSSEY PHOTOGRAPHY, LLC ("**Hussey Photography**"), by and through his undersigned attorneys, Duane Morris LLP, brings this suit against Defendant, HELEN FRANCES REAVES d/b/a PARENT YOUR PARENTS ("**Defendant**"), and for its Complaint alleges as follows:

## SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement of five timely registered images in violation of the Copyright Act, 17 U.S.C. §§ 106(1), 501, *et seq.*, and violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a) ("***DMCA***"). Hussey Photography seeks compensatory and/or statutory damages in amounts to be established at trial for each of the five underlying copyright infringements and five violations of the DMCA, to be elected at Hussey Photography's discretion prior to entry of final judgment.

## PARTIES

2. Hussey Photography is a photography studio organized as a limited liability company under the laws of the State of Texas, having an address at 154 Express Street, Dallas, Texas 75207.

3. Upon information and belief, Defendant is a resident of Florida, licensed to practice law in this State, who operates a legal services practice that she combines with other elder services under the trade name "Parent Your Parents," with a principal place of business located at 251 Crandon Blvd, Apt. 623, Key Biscayne, Florida 33149-1511.

4. At all times relevant to this lawsuit, Defendant has owned and operated a Facebook page used to promote and advertise her legal and related elder services, located at the URL https://www.facebook.com/PYP.USA/ (the "**Parent Your Parent Facebook Page**").

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. §§ 101, *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this District and has committed torts in this District, including without limitation Defendant's copyright infringement and DMCA violations, which caused harm in this District and this Court's jurisdiction.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.      **Hussey Photography's Business**

8.      Hussey Photography is the exclusive owner of all copyrights in the five artistically stylized and very popular photographic images of elderly individuals in a variety of settings looking upon reflections of their younger selves (collectively referred to as the "*Copyrighted Works*").  Attached hereto at **Exhibit A** are true and accurate copies of Hussey Photography's five Copyrighted Works underlying the copyright infringement claims in this case.

9.      Hussey Photography is the exclusive owner of all copyrights in and to the Copyrighted Works as the result of an assignment from the original author of the Copyrighted Works, Tom Hussey. Attached hereto at **Exhibit B** is a true and accurate copy of the Assignment And Transfer Of Copyrights between Mr. Hussey and Hussey Photography.

10.     Hussey Photography obtained timely registration with the United States Copyright Office for each of the Copyrighted Works.  Specifically, the United States Copyright Office has issued Certificate of Registration VAu 990-319, with the effective date June 8, 2009, applicable to each of the Copyrighted Works (among other photographic images).  A true and accurate copy of Certificate of Registration VAu 990-319 is attached hereto at **Exhibit C.**

11.     Hussey Photography owns all rights, title, and interest, including copyrights, in and to the Copyrighted Works, including the exclusive rights to reproduce, display, and distribute the Copyrighted Works and to bring infringement claims arising out of the unauthorized reproduction, distribution and display of the Copyrighted Works.

**B.  Defendant's Unlawful Activities**

12. Hussey Photography discovered that Defendant was infringing Hussey Photography's exclusive copyright in the Copyrighted Works by reproducing, displaying and distributing the Copyrighted Works on her Parent Your Parent's Facebook Page.

13. Specifically, Hussey Photography discovered the Copyrighted Works reproduced, distributed and publicly displayed, without Hussey Photography's authorization, at the following Parent Your Parent's Facebook Page URLs:

- https://www.facebook.com/PYP.USA/photos/257511499574662
- https://www.facebook.com/PYP.USA/photos/257511492907996
- https://www.facebook.com/PYP.USA/photos/257511489574663
- https://www.facebook.com/PYP.USA/photos/257511482907997
- https://www.facebook.com/PYP.USA/photos/257511476241331

14. Printouts of screenshots of the Defendant's infringing reproduction, distribution and public display of the Copyrighted Works are attached hereto at **Exhibit D**.

15. Defendant's infringing use of the Copyrighted Works on its Facebook Page was for the commercial purpose of promoting and advertising her legal practice and related elder services, by attracting existing and potential new clients, customers and their families to review her Parent Your Parent's Facebook Page based on Hussey Photography's professionally created and very popular Copyrighted Works.  Defendant sought, and on information and belief has, profited from its infringing use of Hussey Photography's Copyrighted Works to promote and sell Defendant's legal and related elder services to customers and potential customers.

16. Defendant was aware that she did not own and had no license or other permission to use the Copyrighted Works on her Parent Your Parent's Facebook Page in order to promote

Defendant's business. On information and belief, Defendant made no effort to obtain a license or other permission to reproduce, display and distribute the Copyrighted Works on her Parent Your Parent's Facebook Page, acting in reckless disregard of Hussey Photography's exclusive copyrights in order to avoid having to pay Hussey Photography license fees for her use of the Copyrighted Works.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. §§ 101, *et seq*.)**

17. Hussey Photography re-alleges paragraphs 1 through 16 above and incorporates them by reference as if fully set forth herein.

18. The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Hussey Photography owns the sole and exclusive copyrights in the Copyrighted Works, including without limitation the right to sue for infringements of the Copyrighted Works and violations of the DMCA in connection with such infringements.

19. Hussey Photography's predecessor in interest (Mr. Hussey) timely registered his Copyrighted Works with the Copyright Office prior to Defendant's commencement of its infringing activities.

20. As a result of Defendant's reproduction, distribution, and public display of exact copies of the Copyrighted Works, Defendant had access to Hussey Photography's Copyrighted Works prior to commencing her infringements.

21. By her actions set forth above, Defendant has infringed and violated Hussey Photography's exclusive rights in the Copyrighted Works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

22. Defendant's infringement of Hussey Photography's copyrights has been willful and deliberate, or at a minimum in reckless disregard of Hussey Photography exclusive copyrights in the Copyrighted Works, and Defendant has profited from her infringing conduct at the expense of Hussey Photography.

23. As a direct and proximate result of Defendant's infringement of Hussey Photography's exclusive rights in the Copyrighted Works, Hussey Photography is entitled to recover its actual damages resulting from Defendant's unauthorized and uncompensated uses of the Copyrighted Works, and in addition, Hussey Photography is entitled to recover damages based on a disgorgement of Defendant's profits connected to sales of her services to customers or their family members who visited its Website while Defendant displayed and distributed the Copyright Works without authorization, pursuant to 17 U.S.C. § 504(b).

24. In the alternative, and at Hussey Photography's election, Hussey Photography is entitled to an award of statutory damages, up to a maximum amount of $150,000 for each of the five Copyrighted Works, as a result of Defendant's willful infringement of the Copyrighted Works, or up to a maximum amount of $30,000 if Defendant's infringement is determined not to have been willful, pursuant to 17 U.S.C. § 504(c).

25. Hussey Photography is entitled to an award of its costs incurred to enforce its copyrights, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

26. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Hussey Photography unless enjoined by this Court. Hussey Photography has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Hussey Photography is entitled to a permanent injunction prohibiting infringement of Hussey Photography's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
## (17 U.S.C. § 1202)

27. Hussey Photography re-alleges the allegations of the preceding paragraphs 1 through 16 and incorporates them by reference as if fully set forth herein.

28. In connection with her infringing reproduction, public display, and distribution of the Copyrighted Works on her Parent Your Parent's Facebook Page, Defendant intentionally added false copyright management information ("**CMI**") to the visible face of each of the digital images making up the Copyrighted Works. Specifically, Defendant added the Parent Your Parent logo she uses to promote, sell and conduct her legal practice and related elder services.

29. Upon information and belief, Defendant added her false copyright management information knowing or having reasonable grounds to know that such actions would conceal her infringement of Hussey Photography's exclusive copyrights in each of the Copyrighted Works.

30. Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

31. By reason of Defendant's violations of the Digital Millennium Copyright Act, Hussey Photography has sustained and will continue to sustain substantial injuries.

32. Further irreparable harm is imminent as a result of Defendant's conduct, and Hussey Photography is without an adequate remedy at law. Hussey Photography is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act in connection with the Copyrighted Works.

33. In lieu of Defendant's profits derived from her violations of the Digital Millennium Copyright Act or Hussey Photography's actual damages, Hussey Photography may elect to and is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

34. Hussey Photography is entitled to recover its costs and attorneys' fees incurred in enforcing its rights under the Digital Millennium Copyright Act, in accordance with 17 U.S.C. § 1203(b)(4) and (5).

WHEREFORE, Hussey Photography demands judgment as follows:

1. A declaration that Defendant has infringed Hussey Photography's copyrights in each of the five Copyrighted Works in violation of the Copyright Act;

2. A declaration that such infringement has been willful;

3. An award of Hussey Photography's actual damages and a disgorgement of Defendant's profits, under 17 U.S.C. § 504(b), as shall be determined at trial, or, at Hussey Photography's election any time prior to entry of final judgment, an award of statutory damages in an amount determined at trial, pursuant to 17 U.S.C. § 504(c);

4. A declaration that Defendant has willfully violated the Digital Millennium Copyright Act by intentionally providing and distributing false copyright management information in order to facilitate, enable or conceal her infringements of the Copyrighted Works;

5. An award to Hussey Photography of its actual damages and disgorgement of all non-duplicative gains, profits, property and advantages obtained or derived by Defendant from its violations of the Digital Millennium Copyright Act or, should Hussey Photography so elect, statutory damages in an amount determined at trial between a minimum of $2,500 and a

maximum of $25,000 for each of Defendant's five violations of § 1202(a), pursuant to 17 U.S.C. § 1203(c)(3)(B);

6. An award to Hussey Photography of its costs and expenses incurred in this action, including its reasonable attorneys' fees, pursuant to 17 U.S.C. §§ 505 and 1203(b)(5);

7. An award of interest, including pre-judgment interest, on the foregoing sums;

8. A permanent injunction prohibiting Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

(a) directly or indirectly infringing Hussey Photography's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Hussey Photography's Copyrighted Works or to participate or assist in any such activity;

(b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Copyrighted Work;

(c) directly or indirectly providing or distributing false copyright management information in connection with Hussey Photography's Copyrighted Works, and

(d) directly or indirectly participating in or assisting any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Hussey Photography hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: February 9, 2022

Respectfully Submitted,

**DUANE MORRIS LLP**

/s/ *Julian A. Jackson- Fannin*
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 0093220
jjfannin@duanemorris.com
201 S. Biscayne Blvd., Suite 3400
Miami, Florida 33131
Tel: 305.960.2253
Fax: 305.402.0544

Steven M. Cowley (*pro hac vice* application to be submitted)
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone: (857) 488-4261
Facsimile: (857) 401-3090
SMCowley@duanemorris.com

*Counsel for Plaintiff Tom Hussey Photography, LLC*

DM2\15324051.1