United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Tom Hussey Photography, LLC, )<br>Plaintiff, )<br> )<br> )<br>v. )<br> )<br> )<br>Helen Frances Reaves, and others, )<br>Defendants. ) | Civil Action No. 22-20416-Civ-Scola |

**<u>Order Granting in Part Motions to Amend</u>**

    This matter is before the Court on Defendants Alban Communications, Inc. and Frances T. Alban's (the "Alban Defendants") motion for leave to amend affirmative defenses (ECF No. 93) and Defendant Helen Frances Reaves's motion for leave to amend affirmative defenses. (ECF No. 95.) Plaintiff Tom Hussey Photography ("Hussey") timely responded, opposing both motions. (ECF Nos. 100, 103.) The Alban Defendants timely replied, and the time has passed for Defendant Reaves to have submitted her reply. (ECF No. 104). For the reasons explained below, the Alban Defendants' motion is **granted in part and denied in part**, and Defendant Reaves's motion is **granted**. (**ECF Nos. 93, 95**.)

    **1. Background**

    The Plaintiff originally filed this copyright action against Defendant Reaves on February 9, 2022. (Compl., ECF No. 1.) On May 20, 2022, the Plaintiff filed an amended complaint with leave from the Court, adding the Alban Defendants, Petr Horcik, and FLS Corp (the "Horcik Defendants"). (Am. Compl., ECF No. 28.) Thereafter, on July 19, 2022, the Plaintiff voluntarily dismissed its claims against the Horcik Defendants pursuant to a settlement agreement. (Not. of Vol. Dismissal, ECF No. 73.) The Alban Defendants and Defendant Reaves filed their motions for leave to amend roughly one month after the settlement, on August 17 and August 22, 2022, respectively. (ECF Nos. 93, 95.)

    Although the deadline to amend pleadings, set by the scheduling order as June 3, 2022 (ECF No. 25), has passed, the Alban Defendants and Defendant Reaves now seek to amend their affirmative defenses based on the settlement between the Plaintiff and the Horcik Defendants. The Alban Defendants seek to add a fifteenth affirmative defense addressing the one-satisfaction rule and amend their twelfth defense addressing fair use. (ECF No. 93 ¶ 5.) Defendant Reaves seeks only to add a twenty-second affirmative

defense addressing the one-satisfaction rule. (ECF No. 95 ¶ 4.) The Plaintiff opposes all of the Defendants' proposed amendments. (ECF No. 100 at 1-2; ECF No. 103 at 1-2.)

### 2. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides "[t]he court should freely give leave" to amend "when justice so requires." When leave to amend, however, is sought ***after*** the deadline to amend the pleadings has passed, the movant must do more than argue leave is due under Federal Rule of Civil Procedure 15(a). The movant must also show "good cause" under Federal Rule of Civil 16(b) in order to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa*, 133 F.3d at 1418. Thus, "diligence is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2). While this standard is lenient, still, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment." *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations omitted).

### 3. Analysis

#### A. One-Satisfaction Defense

The Alban Defendants and Defendant Reaves both submit a proposed affirmative defense raising the one-satisfaction rule based on the July 19, 2022, settlement between the Plaintiff and the Horcik Defendants. The Alban Defendants and Defendant Reaves argue that the addition of this affirmative defense should be allowed although the deadline to amend pleadings has passed because the facts underlying this defense—the payment from the Horcik Defendants to the Plaintiff as part of the settlement—did not arise until after the deadline to amend. (ECF No. 93 ¶ 6; ECF No. 95 ¶ 5.) Because the settlement did not occur until after the deadline to amend, the Defendants were not dilatory in moving to amend their affirmative defenses, and the one-satisfaction defense is not clearly futile from the face of the pleadings, the

Court finds there is good cause to grant leave for the Alban Defendants and Defendant Reaves to amend their pleading to add the one-satisfaction defense.

The Court will briefly address the Plaintiff's additional arguments against the proposed amendments. The Plaintiff argues that the proposed one-satisfaction defense is untimely, the amendment would be prejudicial, and the amendment would be futile. (ECF No. 100 at 1-2; ECF No. 103 at 1-2.) The Plaintiff also separately argues that the Court should deny Defendant Reaves's motion because she failed to adequately confer with the Plaintiff's counsel and failed to attach her entire proposed amended answer and affirmative defenses to her motion, both of which are independent grounds to deny her motion under the Southern District of Florida Local Rules. (ECF No. 103 at 1 (citing S.D. Fla. L.R. 7.1(a)(3) and 15.1).)

The Alban Defendants and Defendant Reaves requested leave to amend their affirmative defenses approximately one month after the factual basis for the new defense—the settlement—arose. Although the Defendants could perhaps have moved for leave to amend sooner after the settlement, this is not the sort of delay that justifies denying the motions. *See, e.g., De Varona*, 285 F.R.D. at 673 (denying motion to amend pleadings where deadline had passed and the party requesting leave to amend had learned of the underlying facts over *eight months* before requesting leave to amend). The Defendants here were sufficiently diligent in seeking leave to amend. *See id.*

Neither will any party be prejudiced by the addition of the new defense. Reopening discovery will not be necessary because, as the Alban Defendants assert, "the Defendant is intimately familiar with the funds paid by the Dorchik [sic] Defendants." (ECF No. 104 ¶ 8.) Regardless, the parties may move for an extension of the discovery deadline on this limited issue, if necessary.

Additionally, the one-satisfaction rule is not futile. The Plaintiff argues that "the Amended Complaint does not seek to hold the Alban Defendants liable for the Horcik Defendants' original infringement," (ECF No. 100 at 7), and makes the same argument with regards to Defendant Reaves. (ECF No. 103 at 12.) But the amended complaint never makes such a distinction between the different Defendants' alleged infringement. (Am. Compl. ¶¶ 30-39, 54-61.) Further, the Eleventh Circuit has confirmed that the one-satisfaction rule may apply in cases of copyright infringement. *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1278 (11th Cir. 2008). Therefore, the proposed one-satisfaction defense is not futile based on the pleadings or clearly invalid as a matter of law.

The Court will separately address the issues that the Plaintiff raises with Defendant Reaves's compliance with the Southern District of Florida Local Rules in her motion. It is clear that Defendant Reaves failed to adequately

confer with the Plaintiff's counsel prior to filing her motion, as required by Local Rule 7.1(a)(3). (ECF No. 103, Ex. A); S.D. Fla. L.R. 7.1(a)(3). Further, Defendant Reaves failed to abide by the requirements of Local Rule 15.1, as she only filed the proposed new affirmative defense rather than her entire proposed amended answer and affirmative defenses. (ECF No. 95-1); S.D. Fla. L.R. 15.1. The Court is particularly troubled by these failures because, although Defendant Reaves is proceeding pro se, she is an attorney licensed to practice before this Court and has been admitted to do so since 1990. (ECF No. 103 at 2.) The Court declines to deny Defendant Reaves's motion on those grounds alone, however, as the relief she requests is identical to the relief that the Alban Defendants seek and that the Court finds good cause to grant. *ECB USA, Inc. v. Chubb Ins. Co. of New Jersey*, No. 20-20569-CIV, 2021 WL 9219658, at *3 (S.D. Fla. Nov. 15, 2021) (Scola, J.) ("While strict compliance with the Local Rules is always preferred, the appropriate result of a violation is within the Court's discretion.") (cleaned up). Nevertheless, the Court directs Defendant Reaves to review the Southern District of Florida Local Rules and comply with them in her future filings. The Court will not continue to extend leniency for a lack of compliance with the Local Rules.

Finally, the Court must note that, in filing her amended affirmative defenses, Defendant Reaves shall properly state her affirmative defense as applying to her, rather than to the Alban Defendants. (ECF No. 95-1 at 1 ("The Plaintiff's settled [sic] with other defendants in this case and their liability is joint and several with the Alban Defendants [sic] and recovering from one reduces the liability of the others.").) The Court presumes that Defendant Reaves's reference to the Alban Defendants is a scrivener's error and so will not find her proposed one-satisfaction rule defense to be futile as-stated. Instead, the Court directs Defendant Reaves to remedy that error when she separately files her amended affirmative defenses.

### B. The Alban Defendants' Amended Fair-Use Defense

The Court does not find that there is good cause for the proposed amendment to the Alban Defendants' fair use defense, however, and denies the motion for leave to amend that defense. The Alban Defendants assert that the proposed amendment "addresses the change in underlying facts after the time of the original answer." (ECF No. 93, ¶ 7.) The Court cannot find any new facts in the proposed amended twelfth affirmative defense that would not have been available to the Alban Defendants at the time they originally answered the amended complaint. (ECF No. 93-1 at 12-15.) Therefore, the Alban Defendants have not demonstrated good cause to amend this affirmative defense after the

deadline to amend pleadings has passed, and their motion to amend the twelfth affirmative defense is denied.

### 4. Conclusion

Accordingly, the Alban Defendants' motion for leave to amend (**ECF No. 93**) is **granted in part and denied in part**. Defendant Reaves's motion for leave to amend (**ECF No. 95**) is **granted**. The Alban Defendants and Defendant Reaves shall file their amended answers and affirmative defenses, in accordance with this order, as separate docket entries no later than **September 28, 2022**.

**Done and ordered** at Miami, Florida on September 21, 2022.

_____
Robert N. Scola, Jr.
United States District Judge