**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 22-20416-CIV-SCOLA/GOODMAN

TOM HUSSEY PHOTOGRAPHY LLC,

                Plaintiff,

v.

HELEN FRANCES REAVES,
ALBAN COMMUNICATIONS, INC. and
FRANCES T. ALBAN,

                Defendants.

---

**ALBAN COMMUNICATIONS, INC. AND FRANCES T. ALBAN'S AMENDED
ANSWER AND AFFIRMATIVE DEFENES TO AMENDED COMPLAINT**

    Defendants ALBAN COMMUNICATIONS, INC. ("A. COMMUNICATIONS") and FRANCES T. ALBAN ("F. ALBAN") and (collectively, "Defendants"), pursuant to [DE 112], respectfully files their Amended Answer and Affirmative Defenses, in response to the Amended Complaint filed by Plaintiff Tom Hussey Photography, LLC ("Hussey"), and states as follows:

<u>A.  INTRODUCTION</u>

1. Admitted that Plaintiff purports to assert violations of the Copyright Act and Digital Millennium Copyright Act. All other allegations in paragraph 1 are expressly denied.

2. Defendants are without knowledge as to the allegation in paragraph 2, and therefore denies same and demands strict proof thereof.

3.  Defendants are without knowledge as to the allegation in paragraph 3, and therefore denies same and demands strict proof thereof.

4.  Defendants are without knowledge as to the allegation in paragraph 4, and therefore denies same and demands strict proof thereof.

5.  Defendants are without knowledge as to the allegation in paragraph 5, and therefore denies same and demands strict proof thereof.

6.  Admitted.

7.  Admitted.

8.  Defendants are without knowledge as to the allegation in paragraph 8, and therefore denies same and demands strict proof thereof.

9.  Defendants state that the referenced federal statutes speak for themselves, and otherwise denies all other allegations in paragraph 9.

10. Defendants State that they conduct business within this state, but all other allegations in paragraph 10 are denied.

11. Defendants state that the referenced federal statutes speak for themselves, and otherwise denies all other allegations in paragraph 11.

12. Denied.

13. Denied.

14. Denied.

15. Denied

16. Denied.

17. Defendants are without knowledge as to the allegation in paragraph 17, and therefore

denies same and demands strict proof thereof.

18. Defendants state that the referenced exhibit speaks for itself. All other allegations in paragraph 18 are denied.

19. Defendants deny that they were responsive for the posts referenced in paragraph 19 and are without knowledge as any and all remaining allegations contained in paragraph 19.

20. Defendants admit that they were contracted by Defendant Reaves to assist with certain promotional services related to her business and deny any and all other allegations in paragraph 20.

21. Defendants are without knowledge as to the allegation in paragraph 21, and therefore denies same and demands strict proof thereof.

22. Defendants deny that they ever copied and created derivative versions of Hussey Photography's Copyrighted Works, then distributed the modified versions, and admit that Horcik, FLS and Reaves are responsible for the referenced posts and the alleged conduct in the Amended Complaint, but objects to Plaintiff's mischaracterizations in paragraph 22, and therefore deny all remaining allegations in paragraph 22.

23. Denied.

24. Defendants deny that they were aware that Defendants Horcik and FLS failed to seek or obtain permission from Hussey Photography to copy, distribute, display, or create derivative works of the Copyrighted Works and are without knowledge as to the remaining allegations in paragraph 24, and therefore deny same and demands strict proof thereof.

25. Denied.

26. Defendants are without knowledge as to the allegation in paragraph 26, and therefore denies same and demands strict proof thereof.

27. Denied.

28. Defendants deny that they every committed any infringing actions pertaining to the Copyrighted Works and are without knowledge as to the remaining allegations in paragraph 28, and therefore denies same and demands strict proof thereof.

29. Denied.

<u>CAUSES OF ACTION</u>
<u>Count I – Copyright Infringement (All Defendants) (17 U.S.C. § 101, *et. Seq.*)</u>

30. Defendants repeat and incorporate by reference their responses to paragraphs 1 through 29 as though fully set forth herein.

31. Denied.

32. Denied.

33. Paragraph 33 is only partially directed at Defendants, and to the extent a response is required, Defendants deny the same.

34. Paragraph 34 is only partially directed at Defendants, and to the extent a response is required, Defendants deny the same.

35. Paragraph 35 is only partially directed at Defendants, and to the extent a response is required, Defendants deny the same.

36. Paragraph 36 is only partially directed at Defendants, and to the extent a response is required, Defendants deny the same.

37. Paragraph 37 is only partially directed at Defendants, and to the extent a response is required, Defendants deny the same.

38. Denied.

39. Paragraph 38 is only partially directed at Defendants, and to the extent a response is required, Defendants deny the same.

Count II – Indirect Copyright Infringement
(Defendant Reaves) (17 U.S.C. § 101, et. seq.)

40. Defendants repeat and incorporate by reference their responses to paragraphs 1 through 29 as though fully set forth herein.

41. Admitted.

42. Defendants are without knowledge as to the allegation in paragraph 42, and therefore denies same and demands strict proof thereof.

43. Defendants deny that they ever committed any infringing acts pertaining to the Copyrighted Works and are without knowledge as to the remaining allegations in paragraph 43, and therefore denies same and demands strict proof thereof.

44. Defendants admit that Reaves had the ability to prevent Defendants Horcik, FLS, ACI from posting the pictures which Plaintiff alleges were infringed in this case and expressly deny that they ever committed any acts of infringement pertaining to the Copyrighted Works and are without knowledge as to the remaining allegations in paragraph 44, and therefore denies same and demands strict proof thereof.

45. Defendants admit that that Reaves exercised her control by specifically instructing that the pictures which Plaintiff alleges were infringed in this case be posted and expressly

deny that Defendants ever committed any acts of infringement pertaining to the Copyrighted Works and are without knowledge as to the remaining allegations in paragraph 45, and therefore denies same and demands strict proof thereof.

46. Defendants are without knowledge as to the allegation in paragraph 46, and therefore denies same and demands strict proof thereof.

47. Defendants are without knowledge as to the allegation in paragraph 47, and therefore denies same and demands strict proof thereof.

48. Defendants are without knowledge as to the allegation in paragraph 48, and therefore denies same and demands strict proof thereof.

49. Defendants are without knowledge as to the allegation in paragraph 49, and therefore denies same and demands strict proof thereof.

50. Defendants are without knowledge as to the allegation in paragraph 50, and therefore denies same and demands strict proof thereof.

51. Defendants are without knowledge as to the allegation in paragraph 51, and therefore denies same and demands strict proof thereof.

52. Defendants are without knowledge as to the allegation in paragraph 52, and therefore denies same and demands strict proof thereof.

53. Defendants are without knowledge as to the allegation in paragraph 53, and therefore denies same and demands strict proof thereof.

<u>Count III – Violation of the Digital Millennium Copyright Act (All
Defendants) (17 U.S.C. § 1202)</u>

54. Defendants repeat and incorporate by reference their responses to paragraphs 1 through 29 as though fully set forth herein.

55. Paragraph 55 is only partially directed at Defendants, and to the extent a response is required, Defendants deny the same.

56. Paragraph 56 is only partially directed at Defendants, and to the extent a response is required, Defendants deny the same.

57. Paragraph 57 is only partially directed at Defendants, and to the extent a response is required, Defendants deny the same.

58. Paragraph 58 is only partially directed at Defendants, and to the extent a response is required, Defendants deny the same.

59. Paragraph 59 is only partially directed at Defendants, and to the extent a response is required, Defendants deny the same.

60. Paragraph 60 is only partially directed at Defendants, and to the extent a response is required, Defendants deny the same.

61. Denied.

<u>PRAYER FOR RELIEF</u>

All of the allegations in Plaintiff's prayer for relief, including but not limited to paragraphs 1-9, and subparts 8(a) – (d), are expressly denied.

<u>GENERAL DENIAL</u>

Defendants hereby deny each and every allegation, claim or prayer for relief except as expressly admitted herein and demands strict proof thereof.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Amended Complaint is barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands and/or copyright misuse. In the instant action, pursuant to an "Assignment and Transfer of Copyrights" dated **May 24, 2019** [D.E. 28-2], a limited liability company (*i.e.* Tom Hussey Photography, LLC) claims to own the assets at issue in the Amended Complaint, namely, the copyright in the "Reflections Series" photographs for which Defendants are claimed to have infringed. However, in lawsuits filed across the country which *post-date* the assignment, a natural person (*i.e.* Tom Hussey in his individual capacity) has claimed exclusive ownership in and to the same copyright in the "Reflections Series" photographs which are at issue in this case. *See Tom Hussey v. Style Pantry, LLC*, Case No. 20-cv-00721, *Tom Hussey v. K. Renee Home, LLC*, Case No. 21-cv-00216, *Tom Hussey v. True 180 Personal Training, LLC and Josef W. Brandenburg,* Case No. 21-cv-00531, and *Tom Hussey v. Positivemed, LLC*, Case No. 19-cv-23461. For example, in a lawsuit filed almost a year after the referenced assignment, Tom Hussey in his individual capacity sued Style Pantry, LLC and asserted that he was "the sole owner of the exclusive rights" in and to the alleged copyrighted works in U.S. Reg. No. VAu 990-319.

Because a limited liability company and a natural person cannot both simultaneously be "sole and exclusive owners" of the (allegedly) copyrighted works at issue, the Plaintiff in the instant

lawsuit does not own the copyrighted works, and Defendants affirmatively defend pursuant to the doctrines of unclean hands and/or copyright misuse.

<u>Third Affirmative Defense</u>

The Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, laches, and/or waiver.

<u>Fourth Affirmative Defense</u>

The Plaintiff's claims are barred (either in whole or in part) because the Plaintiff has filed dozens of lawsuits extracting settlements "[and] appears to be using the copyright laws as a source of revenue, rather than as redress for legitimate injury." *Oppenheimer v. Griffin*, 2019 WL 7373784, at *8 (W.D.N.C. Dec. 31, 2019).   As it relates to lawsuits pertaining to photographs under the "Reflections Series" at issue in this case, such cases include, without limitation: (**1**) *Tom Hussey Photography, LLC v. Walker's Legacy*, Case No. 19-cv-3030; (**2**) *Tom Hussey Photography, LLC v. Cool Mom Picks, LLC*, Case No. 18-03751; (**3**) *Tom Hussey Photography, LLC v. HeroFarm, LLC*, Case No. 21-00684; (**4**) *Tom Hussey Photography, LLC v. Eagle House Assisted Living, LLC*, Case No. 22-00307; (**5**) *Tom Hussey Photography LLC v. BGD Media, Inc.*, Case No. 21-cv-03514; (**6**) *Tom Hussey Photography LLC v. Sensitive Touch, Inc.*, Case No. 16-cv-03767; (**7**) *Tom Hussey Photography LLC v. Villa Homemaker & Companions*, Case No. 18-03781; (**8**) *Tom Hussey Photography LLC v. New Paradise Laboratories, Inc.*, Case No. 20-cv-02554; (**9**) *Tom Hussey v. Chancellor Health Care, LLC. et. al.*, Case No. 18-cv-07084; (**10**) *Tom Hussey v. Style Pantry, LLC*, Case No. 20-cv-00721; (**11**) *Tom Hussey Photography, LLC v. Family Matters In-Home*, Case No. 20-cv-08197; (**12**) *Tom Hussey v. Tamara Schilling McCleary*, Case No. 17-cv-00445; (**13**) *Tom*

*Hussey v. CollegeVox LLC d/b/a Gainesvillescene and Orlandoscene*, Case No. 16-cv- 00019;

**(14)** *Tom Hussey v. Positivemed, LLC*, Case No. 19-cv-23461; **(15)** *Tom Hussey v. K. Renee Home, LLC*, Case No. 21-cv-00216; **(16)** *Tom Hussey v. Glenn R. Matecun, P.C.,* Case No. 18-cv-10316; **(17)** *Tom Hussey v. True 180 Personal Training, LLC and Josef W. Brandenburg,* Case No. 21-cv-00531; **(18)** *Tom Hussey v. Alan Jeskey Builders, Inc.,* Case No. 18-cv-01253; and **(19)** *Tom Hussey v. Lara Devgan, MD,* Case No. 17-cv-07711. Accordingly, the Plaintiff's claims are either barred in whole or in part. *See Oppenheimer v. Griffin*, No. 1:18-cv-00272-MR-WCM, 2019 U.S. Dist. LEXIS 222849, at *18-19 (W.D.N.C.Dec. 31, 2019) ("The Court finds that the minimum award of $750 for the Defendants' infringement is sufficient to compensate the Plaintiff and deter future copyright infringement. Such an award is 'consistent with a 'recent trend in courts across the country . . . to award the minimum statutory award of $750 per violation' in infringement cases brought by 'copyright holders who seek copyright infringement damages not to be made whole, but rather as a primary or secondary revenue stream.'")[1]

---

[1] *See Malibu Media, LLC v. [Redacted]*, 2016 U.S. Dist. LEXIS 6888, 2016 WL 245235, at *1 (awarding $750.00 per work in statutory damages); *Malibu Media, LLC v. Powell*, 2016 U.S. Dist. LEXIS 273, 2016 WL 26068, at *1 (M.D. Pa. Jan.4, 2016) (same); *Malibu Media, LLC v. Saari*, No. 1:14-cv-00860-JMS-MJD, 2015 U.S. Dist. LEXIS 112924, 2015 WL 5056887, at *2 (S.D. Ind. Aug. 26,2015) (same); *Malibu Media, LLC v. Caswell*, No. 2:14-cv-837, 2015 U.S. Dist. LEXIS 79922, 2015 WL 3822904, at *2 (S.D. Ohio June 19, 2015) (same); *Malibu Media, LLC v. Funderburg*, No. 1:13-cv-02614,2015 U.S. Dist. LEXIS 53783, 2015 WL 1887754, at *4 (N.D. Ill. April 24, 2015) (same); *I.T. Prods. LLC v. Huber*, Case No. 2:16-cv-1199, 2017 U.S. Dist. LEXIS 187940, 2017 WL 5379437, at *2(S.D. Ohio Nov. 14, 2017) (same); *Me2 Prods. v. Pumaras*, No. CV 17-00078 SOM/RLP, 2017 U.S. Dist. LEXIS 176913, 2017 WL 4707015, at *2 (D. Haw. Oct. 19, 2017) (same); *ME2 Prods. v. Fox*, No. 3:17-CV-00057, 2018 U.S. Dist. LEXIS 49988, 2018 WL 1470251, at *2 (E.D. Va. Mar. 26, 2018) (same); *ME2 Prods. v. Mason*, No. 3:17-CV-00058, 2018 U.S. Dist. LEXIS 49985, 2018 WL 1470253, at *2 (E.D. Va. Mar. 26, 2018) (same); *LHF Prods. v. Mart*, No. 5:16- CV-00027, 2018 U.S. Dist. LEXIS 150401, 2018 WL 4225043, at *2 (W.D. Va.Sept. 5, 2018) (same); *LHF Prods. v. Lindvall*, 2018 U.S.

<u>Fifth Affirmative Defense</u>

The Plaintiff's claims are barred (either in whole or in part) because any actions taken by Defendants were made in good faith, and with the reasonable belief that such actions were valid and did not constitute any violation of law.

<u>Sixth Affirmative Defense</u>

Plaintiff's claims are barred either in whole or in part because the alleged infringement relates to a compilation and therefore constitutes only one work.

<u>Seventh Affirmative Defense</u>

Plaintiff's claims are barred either in whole or in part because the alleged photographs at issue were not posted for purposes of selling or soliciting any products, goods or services, or for any commercial advantage.  In fact, Mr. Hussey was tagged, credited, and attributed as the owner and author of the images. To be sure, [D.E. 28-4] reflects the text from the subject post, which reads:

That is our interpretation of 'Reflections of The Past' by @TomHusseyPhotography. The award-winning photo series encourages Elders to embrace their paths. It's a reminder to look at where you started, and see how far you've come.

And as the Plaintiff is aware, when someone "taps" or "clicks" on the handle @TomHusseyPhotography, he or she is immediately taken to the Plaintiff's Instagram page. Accordingly, the Plaintiff was credited as the author of the images at issue.

Dist. LEXIS 149710 at *2      (W.D.   Va.   Sept.   4,   2018) (same).

<u>Eighth Affirmative Defense</u>

Plaintiff's claims are barred either in whole or in part because Defendants have not directly or indirectly infringed any valid copyrights that are referenced in the Amended Complaint, and therefore Defendants are not liable to Plaintiff for any alleged wrongdoing.

<u>Ninth Affirmative Defense</u>

Plaintiff's claims are barred either in whole or in part because Plaintiff (Tom Hussey Photography, LLC) is not the exclusive owner of the alleged copyrighted works at issue in the lawsuit.

<u>Tenth Affirmative Defense</u>

Plaintiff's claims are barred either in whole or in part because Plaintiff (Tom Hussey Photography, LLC) lacks standing to sue under the purported copyrighted works that are at issue in the Amended Complaint.

<u>Eleventh Affirmative Defense</u>

Plaintiff's claims are barred either in whole or in part because Defendants did not receive any profits attributable to any alleged infringement.

<u>Twelfth Affirmative Defense</u>

Plaintiff's claims are barred either in whole or in part pursuant to the doctrine of fair use. The Copyright Act codifies the fair use doctrine, which provides four factors to be considered in determining the applicability of fair use. The preamble to the governing section

lists several examples of fair use, which include commentary on copyrighted works, which is exactly what occurred here. Fair use analysis "is not to be simplified with bright-line rules, for the statute, like the doctrine it recognizes, calls for case-by-case analysis." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577, 114 S. Ct. 1164, 127 L. Ed. 2d 500 (1994). "Nor may the four statutory factors be treated in isolation, one from another. All are to be explored, and the results weighed together, in light of the purposes of copyright." *Id.* at 578. Courts have held that when the copied work is being used for one of the purposes identified in the underlying preamble, "there is a strong presumption that factor one favors the defendant if the allegedly infringing work fits the description of uses described in § 107." *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 477 (2d Cir. 2004). Accordingly, "[w]here the defendants' use is for the purposes of 'criticism, comment … scholarship, or research,' 17 U.S.C. § 107, factor one will normally tilt in the defendants' favor." *Id.* (internal citation omitted). Here, the post at issue complimented and paid homage to the Plaintiff; in fact, Mr. Hussey was tagged, credited, and attributed as the owner and author of the images. The post also commented on the communicative power of the images in serving as a "reminder to look at where you started and see how far you've come." The post ended by complimenting the Plaintiff's "award winning photo series" and even linked to the Plaintiff's social media profile (@TomHusseyPhotography) so that readers could view more of his photography:

> That is our interpretation of 'Reflections of The Past' by @TomHusseyPhotography. The award-winning photo series encourages Elders to embrace their paths. It's a reminder to look at where you started, and see how far you've come.



Accordingly, Plaintiff's claims are barred under the doctrine of fair use.

<u>Thirteenth Affirmative Defense</u>

Plaintiff's claims are barred either in whole or in part pursuant to the innocent infringer defense. This defense "allows for a reduction of minimum statutory damages . . . where the infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." *Dellacasa, LLC v. John Moriarty & Assocs. of Fla.*, No. 07-21659-CIV-GOLD, 2007 U.S. Dist. LEXIS 84898, at *8 n.2 (S.D. Fla. Nov. 16, 2007) (internal citation omitted). Similarly here, Defendants were unaware of and had no reason to believe that the subject posts violated any law, or infringed on any copyright(s). To the extent Plaintiff asserts that this defense is unrelated to liability and instead mitigates damages, such an argument is of

no merit because "[c]ourts diverge on whether a limitation of damages is an affirmative defense," and accordingly this is a valid affirmative defense. *Stream, Inc. v. Dl Shop*, 2017 U.S. Dist. LEXIS 230641, at *3 (S.D. Fla. Nov. 8, 2017) ("the Court declines to strike Defendant's ninth affirmative defense as it is not necessarily invalid as a matter of law.")

Fourteenth Affirmative Defense

Plaintiff's Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands and copyright misuse. In the instant action, pursuant to an "Assignment and Transfer of Copyrights" dated ***May 24, 2019*** [D.E. 28-2], a limited liability company (*i.e.* Tom Hussey Photography, LLC) claims to own the assets at issue in the Amended Complaint, namely, the copyright in the "Reflections Series" photographs for which Defendants are claimed to have infringed. [D.E. 28, ¶13].  In other words, ***prior*** to May 24, 2019, Tom Hussey Photography, LLC did ***not*** own the subject copyright; ownership instead was vested in Tom Hussey in his individual capacity.

However, in lawsuits filed across the country which ***pre-date*** the assignment, a limited liability company (*i.e.* Tom Hussey Photography, LLC) claimed exclusive ownership in and to the same copyright in the "Reflections Series" photographs which are at issue in this case. *See Tom Hussey Photography, LLC v. Cool Mom Picks, LLC*, Case No. 18-03751, *Tom Hussey Photography LLC v. Villa Homemaker & Companions, LLC*, Case No. 18-03781, and *Tom Hussey Photography, LLC v. Footprints to Fitness, LLC*, Case No. 18-cv- 03788.  For example, in a lawsuit filed one (1) year ***before*** Tom Hussey Photography LLC allegedly took ownership of the asset pursuant to the referenced assignment, this limited liability company nevertheless sued Villa Homemaker & Companions, LLC and asserted that it was the sole owner of the exclusive rights in and

to the alleged copyrighted works in U.S. Reg. No. VAU 990- 319. Because a limited liability company and a natural person cannot both simultaneously be "sole and exclusive owners" of the (allegedly) copyrighted works at issue, the Plaintiff in the instant lawsuit does not own the copyrighted works, and Defendants affirmatively defends pursuant to the doctrines of unclean hands and/or copyright misuse.

## Fifteenth Affirmative Defense

Any damages claimed by the Plaintiff must be reduced by the one-satisfaction rule. The Plaintiff's settled with other defendants in this case and their liability is joint and several with the Alban Defendants and recovering from one reduces the liability of the others.

In BUC Intern. Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1278 (11th Cir. 2008), the Eleventh Circuit ruled that the one-satisfaction rule applies to infringement actions under the Copyright Act. This "rule generally provides that a plaintiff is entitled to only one satisfaction for a single injury, such that amounts received in the settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors." Id. at 1276. In BUC International, the jury returned a verdict awarding damages against the defendants MLS and IYC for copyright infringement. Three other defendants settled the plaintiff's claims prior to trial. MLS and IYC then requested that the damages awarded against them by the jury be reduced by the amounts that the plaintiff received in settlement from the other three defendants. The Eleventh Circuit agreed with the Second Circuit that "where multiple defendants are all involved ... as are the [non-settling] and the settling defendants here, their liability is joint and several and recovering from one reduces the liability of the others." Id. at 1278. The court then extended the one-satisfaction rule "to infringement actions under the Copyright Act." Id. at 1278.

Dated: September 21st, 2022

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF pursuant to [DE 112] authorizing this filing, I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF's electronic Notices of Electronic Filing and to Pro-Se Defendant via email.

**Pike & Lustig, LLP**

***/s/ Daniel Lustig***
**Michael J. Pike, Esquire**
**Florida Bar No.: 617296**
**Daniel Lustig, Esquire**
**Florida Bar No.: 059225**
**Timothy O'Neill, Esquire**
**Florida Bar No.: 130877**
**1209 N. Olive Avenue**
**West Palm Beach, FL 33401**
**Telephone: (561) 855-7585**
**Facsimile: (561) 855-7710**
**pleadings@pikelustig.com**